itorious defense.  Whether any showing by affidavit or otherwise was made upon the application for leave to answer, we are not advised.  The answer tendered was not verified. The party seemed, by his motion to set aside the summons and his demurrer, more anxious to delay any inquiry than to meet the case upon its merits; and the court may well have thought, in the absence of further showing, that the filing of an answer was also simply for delay.  At any rate, error is not shown in the matter, for the mere tender of an answer does not entitle a party to the right to file it out of time and after he has exhausted all other efforts to delay and defeat the action. (*Spratly v. Ins. Co.*, 5 Kas. 155; *Neitzel v. Hunter*, 19 Kas. 221.)  Interest from the day of forfeiture was properly allowed. (Laws 1871, p. 250, § 1.)

Upon the whole record we see no error, and the judgment must be affirmed.

All the Justices concurring.

---

MARY P. WRIGHT v. COMMISSIONERS OF COFFEY COUNTY.

*Error from Coffey District Court.*

ACTION brought by *Mary P. Wright* against the *Board of Commissioners of Coffey County*, to recover the sum of $941.66, which plaintiff claimed to be due her for salary as superintendent of public instruction for said county, from January 11th, 1875, to July 20th, 1876.  The petition alleges in substance, the following facts:

At the general election held in Coffey county, Kansas, November 3rd, 1874, the plaintiff, Mary P. Wright, J. H. Noell, and G. N. McConnell, were candidates for the office of county superintendent of public instruction.  McConnell at that time was the lawful incumbent of said office.  Plaintiff received the highest number of votes cast for said office.

The board of canvassers issued to her a certificate of election, and she filed her oath and official bond.   J. H. Noell received the next highest number of votes cast for said office.   November 7th, 1874, Noell began proceedings under § 89, of ch. 36, General Statutes 1868, to contest the eligibility of plaintiff to said office, and to have himself declared elected thereto.   December 7th, 1874, the trial court decided plaintiff to be ineligible to said office, and that no person was elected thereto. December 30th, 1874, the district court affirmed the judgment of the trial court.   July, 1876, plaintiff became a nonresident of Coffey county.   October, 1876, the supreme court reversed the judgment of district and the trial court.   McConnell continued to perform the duties and received the salary of said office until after the general election in November, 1875, at which election J. M. Rankin was elected to said office, and took immediate possession thereof, and performed the duties of this office and received the salary therefor until July 11, 1876, when he resigned and P. K. Wadhams was appointed, and he has ever since performed the duties of said office and received the salary therefor.   During the term of said office for which plaintiff was elected, up to the time she became a non-resident of the county, the defendant paid to McConnell, Rankin and Wadhams, salary to the amount of $941.66.

At the December Term, 1877, of the district court, the defendant demurred to the foregoing petition, on the ground that it did not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant.   The court sustained said demurrer and rendered judgment against the plaintiff for costs, to which ruling and judgment Miss Wright excepted, and brought the case here for review.

*A. M. F. Randolph*, for plaintiff in error, cited: *Auditors of Wayne Co. v. Benoit*, 20 Mich, 188; *Weeks v. Ellis*, 2 Barb. 325; *Riddle v. Bedford*, 7 Serg. & R. 386; *Parker v. Luffborough*, 10 Serg. & R. 249; *Keyser v. McKissan*, 2 Rawle, 140; *Stadler v. City of Detroit*, 13 Mich. 347; *Glascock v. Lyons*, 20 Ind. 3; *Dorsey v. Smyth*, 28 Cal. 21.

*Graves & Manchester*, for defendant in error, cited: § 3 of art. 9 of Const. of Kansas; 2 Kent's Com. 295; *Auditors of*

*Wayne Co. v. Benoit,* 20 Mich. 176; *Dolan v. Mayor, etc.,* 68 N. Y. 274; 23 Am. Rep. 168; *Comm'rs of Saline Co. v. Anderson,* 20 Kas. 298, and cases cited therein; *People v. Miller,* 24 Mich. 458; *Mayfield v. Moore,* 53 Ill. 428; *Glascock v. Lyons,* 20 Ind. 1; 5 Am. Rep. 52; 9 Am. Rep. 131; *People v. Cook,* 8 N. Y., and cases there cited; 4 Am. Rep. 387.

February 4th, 1879, the judgment of the court below in this case was affirmed, but no opinion was filed herein.

## CHARLES LUCAS v. DANIEL STURR, *et al.*

NEW TRIAL; *Motion, When to be Filed.* Where it is shown by the record that the court below, on the fifth day after rendering the judgment in a case, overruled a motion for a new trial, made on the grounds that the decision of the court was against the law and the evidence; and it is not shown by the record that said motion was ever reduced to writing, or filed in the court as it should have been, (Gen. Stat., 688, § 309; *Clayton v. School District,* 20 Kas., 256,) or that it was made within three days after the judgment was rendered, as it should have been, (Gen. Stat.; 687, § 308, and cases hereafter cited,) or that it was made at any time before it was presented to the court below for hearing, it will be presumed by the supreme court, for the purpose of upholding the judgment of the court below, that said motion was not made in time, and therefore that the court below did not err in overruling it. ( *Odell v. Sargent,* 3 Kas. 80; *Mitchell v. Milhoan,* 11 Kas. 617; *Nesbit v. Hines,* 17 Kas. 316; *Fowler v. Young,* 19 Kas. 150.)

### *Error from Montgomery District Court.*

ACTION brought in the district court of Montgomery county, by *Charles Lucas* against *Daniel Sturr* and *Robert Atkinson,* to determine their adverse interests in certain land in said county, and to quiet the title thereto. The action was tried at the September Term, 1876, and judgment rendered for defendants. A new trial was denied, and *Lucas* brings the case to this court.